# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD HACKETT, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 8:18-cv-01286-PX |
| BAYVIEW LOAN SERVICING, LLC, *et al.*, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION

Pending before the Court is Defendants' motion to vacate the Court's remand of this case. ECF No. 26. The motion is fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons that follow, the Court denies Defendants' motion.

**I.    Background[1]**

Plaintiffs Richard and Megan Hackett filed suit in the Circuit Court for Montgomery County, Maryland, against Defendants Bayview Loan Servicing, LLC. and The Bank of New York Mellon, as Trustee for the Certificate Holders of the CWALT, Inc., Alternative Loan Trust 2006-OA19. ECF No. 2. Plaintiffs, on behalf of themselves and a not yet certified class, alleged improper charges to property loans and a denial of the Hacketts' loan modification application in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.* and various Maryland laws.

Defendants removed the case to this Court, asserting federal question and diversity jurisdiction. ECF No. 1. After Defendants moved to dismiss, Plaintiffs conceded dismissal of the TILA claims and sought remand on the remaining state law claims. ECF No. 19 at 6. The

---

[1] The Court previously set out all facts in its Memorandum Opinion remanding the case. ECF No. 22. The facts are incorporated here but will not be repeated unless relevant to the current motion.

Court granted dismissal of the federal TILA claims. ECF No. 22 at 5. The Court then found that the it lacked diversity jurisdiction because the amount in controversy was not met. *Id*. at 8. Accordingly, the Court remanded the case for lack of subject matter jurisdiction. *Id*. at 9. On January 9, 2019, Defendants moved to vacate this Court's Order pursuant to Federal Rule of Civil Procedure 60(b)(3), alleging that Plaintiffs procured remand by "misrepresenting" the amount in controversy. ECF No. 26.

**II.    Analysis**

When a court remands a case for lack of subject matter jurisdiction, review of the remand order is generally precluded. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995) (citing 28 U.S.C. § 1447(d)). However, the Fourth Circuit has distinguished *review* of an order from *vacatur* of an order, holding that a court may vacate a remand order that had been "procured through attorney misconduct." *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1010–11 (4th Cir. 2014). The Court, therefore, allowed narrow review of the manner in which the party sought remand, but precluded review of the substantive grounds upon which the Court granted remand. *Id.* at 1012.[2]

Plaintiffs' motion to remand concerned the damages clauses in Plaintiffs' class complaint. The clauses state that Plaintiffs seek: (1) "[A] money judgment . . . to the State Law Class members . . . in excess of $75,000.00;" (2) "[A] money judgment in favor of the Named

---

[2] *Barlow* was decided in the context of a Rule 60(b)(3) motion and does not directly address motions for vacatur under Federal Rule of Civil Procedure 59(e). *Id.* at 1004. Although Defendants bring their motion pursuant to Rule 60(b)(3), Defendants filed the motion only thirteen days after the underlying Order, timing which customarily triggers this Court's review under Rule 59(e). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("'[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be styled.'") (analyzing former version of Rule 59(e)) (quoting *Dave v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)); *see also* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). However, because the Court finds Plaintiffs did not defraud the Court in the manner which they sought remand, the Court declines to reach whether *Barlow* extends to Rule 59(e) motions.

2

Plaintiffs and the State Law Class Members . . . in excess of $75,000.00;" (3) "[A] money judgment . . . to the Named Plaintiffs and the Usury Class members $500 for each violation of COM. LAW § 12-121(b) and a total sum in excess of $75,000.00;" (4) "[A] money judgment in favor of the Named Plaintiffs and the State Law Class members . . . in excess of $75,000.00;" (5) "[A] money judgment in favor of Named Plaintiffs . . . in the sum of $63,500; and (6) "reasonable attorney's fees, litigation expenses and costs." ECF No. 2 ¶¶ 79(b), 88(b), 98(b), 109(b), 135(a)–(b).

Notably, neither the Complaint nor the Notice of Removal expressly stated that Plaintiffs sought relief in excess of $75,000 for each class plaintiff. ECF No. 1 ¶¶ 13–14; *see also* ECF No. 20 at 4–5 (Defendant arguing against remand but not addressing whether relief was aggregated). Because the amount-in-controversy requirement "cannot be met by aggregating separate claims of individual class plaintiffs," *Gilman v. Wheat, First Sec., Inc.*, 896 F. Supp. 507, 509 (D. Md. 1995), the Court determined that it had no basis to find that the Plaintiffs' Complaint pleaded an individual damages threshold exceeding $75,000 for each class member or for the individual Plaintiffs. *See* 28 U.S.C. § 1332(a) (requiring an amount in controversy in excess of $75,000 for a court to exercise diversity jurisdiction). The Court, therefore, granted Plaintiffs' motion to remand.

Defendants now argue that Plaintiffs essentially perpetrated a fraud on the Court by having argued that the Complaint's ad damnum clauses should read in the aggregate as to the putative class members' damages. Defendants more particularly assert that "because no class has been certified, any reference to plaintiffs or plaintiffs' claims for relief and damages in the Notice of Removal necessarily relates to the only two plaintiffs in this case—Mr. and Mrs. Hackett." ECF No. 26-1 at 3. Accordingly, say Defendants, Plaintiffs arguments "obscure[d]

3

plaintiffs' actual demands for relief in the Complaint" and "prevented the Court from ever considering the basis for its jurisdiction set forth in the Notice of Removal." ECF No. 26-1 at 3; ECF No. 28 at 4.

Vacatur is an extraordinary remedy, "only to be invoked upon a showing of exceptional circumstances." *McLawhorn v. John W. Daniel & Co.*, 924 F.2d 535, 538 (4th Cir. 1991); *see also Stoyanov v. Mabus*, No. DKC-07-1985, 2016 WL 4269039, at *1 (D. Md. Aug. 15, 2016). This is particularly true for remand, where Congress has created an "important policy" that "disfavors prolonged interruptions to litigation created by litigating which of two otherwise legitimate courts should resolve the disputes between the parties." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

In pressing for this extraordinary remedy, Defendants speculate that Plaintiffs somehow prevented the Court from understanding the true import of the damages clause in the Complaint and thus the grounds for removal. The Court cannot see how Plaintiffs' advancing a non-frivolous argument, which this ultimately Court credited, renders the process "contaminated." *See Barlow*, 772 F.3d at 1011. If this were true, then almost any decision that follows contested motions would be vulnerable to the same attack: that the decision itself was procured through "misrepresentation." Further, to credit Defendants' arguments now would effectively give Defendants that which they cannot have—reconsideration on the merits. Because the Court finds no evidence that Plaintiffs advanced any misrepresentations or otherwise "contaminated" the process, the Court denies Defendants' motion to vacate.

### III. Conclusion

For the foregoing reasons, the Defendants' motion for vacatur is denied. ECF No. 26. A

4

separate Order follows.

April 30, 2019                   /S/
Date                                             Paula Xinis
                                                 United States District Judge